| | |
|---|---|
| THOMAS A. BATOR, ESQ.<br>LAW OFFICES OF DAVID B. BLOOM, APC<br>3325 Wilshire Boulevard<br>Ninth Floor<br>Los Angeles, California 90010<br>Telephone: (213) 384-4088 | 03-MC-00201-CERT<br><br>**MS 03 201** |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WRITERS GUILD OF AMERICA, WEST, INC.,<br>A California corporation,<br><br>Plaintiff(s)<br><br>v.<br><br>ALBERT BAND INTERNATIONAL PRODUCTION, INC. and FULL MOON ENTERTAINMENT, INC.,<br><br>Defendant(s) | CASE NUMBER:<br><br>CV 98-3377 MMM (RNBx)<br><br>**CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT** |

I, Sherri R. Carter, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on **June 3, 1998**
*Date*

as it appears in the record of this court, and that * *(see below)*

**NO NOTICE OF APPEAL FROM THIS JUDGMENT HAS BEEN FILED, AND NO MOTION OF ANY KIND LISTED IN RULE 4(a) OF THE FEDERAL RULES OF APPELLATE PROCEDURE HAS BEEN FILED.**

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on November 18, 2003
*Date*

FILED ___ LODGED ___ RECEIVED ___    [MAIL]

**NOV 28 2003**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

**SHERRI R. CARTER**
CLERK, U.S. DISTRICT COURT

By: _____
Deputy Clerk

* Insert the appropriate language:

"no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed."

"no notice of appeal from this judgment has been filed, any motions of the kinds listed in Rule 4(a) of the Rules of Appellate Procedure [*] have been disposed of, the latest order disposing of such a motion having been entered on [date]."

"an appeal was taken from this judgment and this judgment was affirmed by mandate of the Court of Appeals issued on [date]."

"An appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

[NOTE: The motions listed in Rule 4(a), Fed.R.App.P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.]

Enter JS-6

FILED
CLERK, U.S. DISTRICT COURT
JUN - 2 1998
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.
DATED: 6/2/98
DEPUTY CLERK

ENTERED
CLERK, U.S. DISTRICT COURT
JUN - 3 1998
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WRITERS GUILD OF AMERICA, WEST, INC., a California corporation,

    Petitioner,

vs.

ALBERT BAND INTERNATIONAL PRODUCTIONS, INC. and FULL MOON ENTERTAINMENT, INC.,

    Respondents.

) CASE NO. CV 98-3377 MMM (RNBx)
)
) JUDGMENT CONFIRMING
) ARBITRATION AWARD

✓ DOCKETED
..... 
..... 
..... ✓ JS-5

    Writers Guild of America, West, Inc. ("Writers Guild") filed its petition for an order confirming the arbitration award entered in its favor and against respondents Albert Band International Productions, Inc. and Full Moon Entertainment, Inc. on May 1, 1998. Simultaneously, the Writers Guild noticed a hearing on its motion for confirmation of the award for June 1, 1998. The petition and motion were duly served on respondents, who filed no opposition to the motion and made no appearance in the action. The Court having considered the pleadings and documents on file in the action, and having heard argument of counsel,

    IT IS ORDERED, ADJUDGED AND DECREED that judgment be entered in this

JUN 3 1998

proceeding as follows:

1. The Arbitration Award in Arbitration Case No. 94-RE-036 dated October 30, 1997, and signed by Louis M. Zigman, Sole Neutral Arbitrator, is confirmed in all respects. Arbitrator Zigman's Award, attached hereto as Exhibit "A," is incorporated in and made a part of this judgment.

2. The Court finds that respondents' refusal to abide by the arbitrator's award was an unjustified act undertaken in bad faith. The Court bases this finding on the following facts: The Arbitration Award reflects that respondents received proper notice of the arbitration proceedings, but failed to appear and participate in them. Evidence produced by the Writers Guild reveals that, on November 5, 1997, respondents were served with a copy of the award, and a demand that they pay the amounts awarded by the arbitrator. As of the date of the filing of this action, respondents had failed in any manner to comply with the provisions of the award or to challenge its validity by filing a petition to vacate or modify the award. Although served with the Writers Guild's petition and motion in this action, respondents failed to appear and oppose entry of a judgment confirming the award. These circumstances give rise to an inference that respondents do not contest their liability for the amounts awarded by the arbitrator, but rather simply refuse to honor their obligations under the collective bargaining agreement and the arbitration award rendered pursuant to its terms. See *Sheet Metal Workers' International Ass'n. Local Union No. 359 v. Madison Industries, Inc. of Arizona*, 84 F.3d 1186, 1192 (9th Cir. 1996) [noting district court's finding that it was significant that respondent "simply refused to honor the award rather than filing a petition to vacate it," and upholding an award of attorney's fees]; *International Union of Petroleum and Industrial Workers v. Western Industrial Maintenance, Inc.*, 707 F.2d 425, 428-29 (9th Cir. 1983) [party's refusal to satisfy the clear terms of the arbitration award "gave rise to the necessity to petition the district court for enforcement of that right with the attendant delay and expense"].

3. Because it finds that respondents' failure to abide by the terms of the Arbitration Award was unjustified and in bad faith, the Writers Guild is awarded its reasonable attorney's fees in the amount of $1,200.00.

2

4. The Writers Guild is awarded its costs incurred in bringing this action in the amount of $150.00.

Dated: June 1, 1998

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

3

BEFORE THE WRITERS GUILD OF AMERICA, WEST, INC. - PRODUCERS

ARBITRATION TRIBUNAL

| | |
|---|---|
| In the Matter of the Arbitration between<br>WRITERS GUILD OF AMERICA, WEST, INC.,<br><br>Complainant,<br><br>vs.<br><br>ALBERT BAND INTERNATIONAL PRODUCTIONS, INC.<br>and FULL MOON ENTERTAINMENT, INC.,<br><br>Respondents.<br><br>Relating to unpaid residual compensation in<br>connection with the theatrical motion<br>pictures entitled "CRASH AND BURN" and<br>"SHADOWZONE." | ARBITRATOR'S<br><br>OPINION AND AWARD<br><br><br><br><br>CASE NO. 94-RE-036 |

<u>OPINION</u>

The above-entitled arbitration case was heard before Louis Zigman, the sole neutral arbitrator, on October 29, 1997 at the offices of the Writers Guild of America, west, Inc. at 7000 West Third Street, Los Angeles, California 90048. Mark Mitchell, Associate Counsel of the Writers Guild of America, west, Inc. ("Complainant" or "WGA"), appeared on behalf of the WGA. Respondents Albert Band International Productions, Inc. and Full Moon Entertainment, Inc. ("Respondents"), did not appear.

All notices required by the WGA Theatrical and Television Minimum Basic Agreement ("MBA") in connection with this arbitration claim were duly served on Respondents.

//

EXHIBIT "A"

1  Pursuant to MBA Articles 10.D, 11.A.4 and 11.C.6.b, the
2  arbitration proceeded as noticed.  Oral and documentary evidence
3  were presented by Complainant.
4  The Arbitrator has considered all of the oral and documentary
5  evidence presented at the hearing and based thereon and upon the
6  provisions of the 1988 MBA, makes the following Findings of Fact,
7  Opinion and Award:

8  <u>FINDINGS OF FACT</u>

9  The case is properly before the Arbitrator.  Respondents
10 Albert Band International Productions, Inc. and Full Moon
11 Entertainment, Inc. were duly notified and properly served with the
12 Notice of Arbitration Hearing and the Notice of Claim and Claim.
13 Respondent Albert Band International Productions, Inc. is
14 signatory to the 1988 Writers Guild of America Theatrical and
15 Television Basic Agreement.  By means of assumption agreements,
16 Respondent Full Moon Entertainment, Inc. assumed MBA obligations
17 with regard to the theatrical motion pictures "Crash and Burn" and
18 "Shadowzone" (the "Pictures.")  Albert Band International
19 Productions, Inc. and Full Moon Entertainment are jointly and
20 severally liable for the amounts claimed.
21 During the term of the 1988 MBA, Respondents produced or
22 caused to be produced the Pictures.  Respondents released the
23 Pictures to various supplemental markets, including but not limited
24 to, video cassettes, pay television and free television.
25 Article 51 of the MBA requires Respondents to pay residual
26 compensation on behalf of writer J.S. Cardone (the "Credited
27 Writer") for distribution of the Pictures on video cassettes
28 ("Video Cassette Residuals") in an amount totaling one and one-half

percent (1.5%) of the Producer's gross on the first one million dollars and one and eight-tenths percent (1.8%) of Producer's gross if the gross derived from distribution of the Pictures on video cassettes exceeds one million dollars. Respondents have not paid Video Cassette Residuals which are currently owed in the amount of $11,905 as to "Crash and Burn" and in the amount of $11,063.08 as to "Shadowzone."

Article 51 of the MBA also requires Respondents to pay residual compensation to the WGA on behalf of the Credited Writer in an amount totaling one and two-tenths percent (1.2%) of Respondents' accountable receipts derived from distribution of the Pictures to pay television ("Pay TV Residuals"). Respondents have not paid Pay TV Residuals which are currently owed in the amount of $302.88 as to "Crash and Burn" and in the amount of $1,000.44 as to "Shadowzone."

Article 15.A.3. of the MBA also requires Respondents to pay residual compensation to the WGA on behalf of the Credited Writer in an amount totaling one and two-tenths percent (1.2%) of Respondents' accountable receipts derived from distribution of the Pictures to free television ("Free TV Residuals"). Respondents have not paid Free TV Residuals which are currently owed in the amount of $2,348.06 as to "Crash and Burn" and in the amount of $2,277.41 as to "Shadowzone."

Articles 51.3.f and 15.A.3.f. of the MBA require Respondents to pay interest on unpaid residual compensation at the rate of one and one-half percent (1.5%) per month, commencing to accrue when the payments were due and continuing to accrue until paid in full. Respondents must pay interest on the unpaid residual compensation

re94D30\shadow.swd

1 which, to date, amounts to $17,897.69 for "Crash and Burn" and in
2 the amount of $18,498.31 for "Shadowzone."
3     Articles 51.3.f and 15.A.3.f. of the MBA require Respondents
4 to furnish or cause to be furnished to the WGA, on a quarterly
5 basis and no later than sixty (60) days following the end of a
6 calendar quarter, a written report showing the Producer's gross
7 receipts for the preceding quarter from distribution of a
8 theatrical motion picture. The evidence established that not all
9 such reports have been furnished by the Respondents to the WGA
10 regarding the Pictures. Failure to file the required reports is a
11 material breach of the MBA.

## AWARD

13     Based upon the foregoing, the Arbitrator makes the following
14 Order:
15     1.  Respondents Albert Band International Productions, Inc.
16 and Full Moon Entertainment, Inc. are ordered, jointly and
17 severally, to pay immediately to the WGA on behalf of the Credited
18 Writer Fourteen Thousand Five Hundred Fifty-Five Dollars and
19 Ninety-Four Cents ($14,555.94) residuals for distribution of "Crash
20 and Burn" to videocassette, pay television and free television
21 through the third quarter of 1996;
22     2.  Respondents Albert Band International Productions, Inc.
23 and Full Moon Entertainment, Inc. are ordered, jointly and
24 severally, to pay immediately to the WGA on behalf of the Credited
25 Writer Seventeen Thousand Eight Hundred Ninety-Seven Dollars and
26 Sixty-Nine Cents ($17,897.69) in accrued interest on the unpaid
27 residual compensation concerning "Crash and Burn." Interest
28 continues to accrue on the unpaid principal at the rate of one and

one-half percent (1.5%) per month, from November 1, 1997 until the residuals are paid in full.

3. Respondents Albert Band International Productions, Inc. and Full Moon Entertainment, Inc. are ordered, jointly and severally, to pay immediately to the WGA on behalf of the Credited Writer Fourteen Thousand Three Hundred Forty Dollars and Ninety-Two Cents ($14,340.92) in residuals for distribution of "Shadowzone" to videocassette, pay television and free television through the third quarter of 1996;

4. Respondents Albert Band International Productions, Inc. and Full Moon Entertainment, Inc. are ordered, jointly and severally, to pay immediately to the WGA on behalf of the Credited Writer Eighteen Thousand Four Hundred Ninety-Eight Dollars and Thirty-One Cents ($18,498.31) in interest on the unpaid residual compensation concerning "Shadowzone," plus continuing interest at the rate of one and one-half percent (1.5%) per month, from November 1, 1997 until the unpaid residuals are paid in full.

5. Respondents Albert Band International Productions, Inc. and Full Moon Entertainment, Inc. are ordered, jointly and severally, to immediately furnish to the WGA written reports showing the Producer's gross receipts, as defined in the MBA, from the distribution of the Pictures on videocassette, pay television and free television.

6. The WGA is assigned the right to receive all monies owed to Respondents by any third party, subject to any prior perfected security agreement in favor of another party, until the amounts awarded herein are paid in full. Respondents are hereby ordered to give, or the WGA at its election may give, notice to appropriate

1  third parties that Respondents' right to receive monies is assigned
2  to the WGA until the sums awarded herein are paid in full.
3     7.  The WGA will advance Respondents' one-half share of both
4  the Arbitrator's fee and the Court Reporter's fee. Respondents
5  Albert Band International Productions, Inc. and Full Moon
6  Entertainment, Inc. are ordered, jointly and severally, to pay
7  immediately one-half of the Arbitrator's fee in the amount of
8  $ 800⁴⁴/₇₄ and one-half of the Court Reporter's fee to the Writers
9  Guild of America, west, Inc.
10    8.  This Award may be confirmed in any court of competent
11 jurisdiction.

DATED: 10/30/97

Louis Zigman
Sole Neutral Arbitrator

re94036\shadow.awd